UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN HALL,

       Plaintiff,                               Hon. Paul L. Maloney

v.                                                             Case No. 1:07 CV 1161

PATRICIA CARUSO, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Patricia Caruso's Motion for Dismissal and Summary Judgment. (Dkt. #16). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

Plaintiff asserts the following in his complaint. Plaintiff practices the "earth based religion," Wicca. The Michigan Department of Corrections (MDOC) permits Plaintiff to participate in "8 annual sabbatts" and possess tarot cards and a celtic cross or pentacle. Plaintiff asserts, however, that prison officials are unlawfully limiting his religious activities. Specifically, Plaintiff asserts that he is unable to participate in "estbatts celebrations," "weekly services," or other unidentified "ceremonies" and "rituals." Plaintiff alleges that he is not permitted to possess books concerning white magic,

herbology, astrology, numerology, skrying, palmistry, self-hypnotism, alternative healing, astroprojection, astrotravel, astrovoyage, and psychicism. Plaintiff alleges that he is not permitted to possess herbs, oils, incense, amulets, or talismans. Plaintiff further alleges that he has been physically "abused" by unidentified prison officials because of his religion, sexual orientation, and mental status. Plaintiff initiated this action on November 19, 2007, against Defendant Caruso and unknown (and yet unidentified) parties. Defendant Caruso now moves for summary judgment.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477

U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

**ANALYSIS**

I.          **Plaintiff's First Amendment and RLUIPA Claims are Ripe for Adjudication**

While not artfully worded, Plaintiff asserts that Defendant Caruso has unlawfully interfered with his right to practice his religion by refusing to permit him to possess the various items identified above. Because Plaintiff has not indicated whether he is asserting this claim under the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA) the Court shall assume that Plaintiff seeks relief under both. Defendant asserts that these claims are not ripe for adjudication. The Court disagrees.

Unlike state courts which are courts of general jurisdiction, the federal courts are courts of "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Metro Hydroelectric Co., LLC v. Metro Parks*, - - - F.3d - - -, 2008 WL 4067453 at *4 (6th Cir., Sept. 4, 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court must presume that a matter lies outside this limited jurisdiction, unless the party seeking to invoke the Court's authority demonstrates otherwise. *Metro Hydroelectric Co.*, 2008 WL 4067453 at *4 (citing *Kokkonen*, 511 U.S. at 377).

Article III of the United States Constitution provides that the jurisdiction of the federal courts extends only to certain categories of "cases" and "controversies." U.S. Const. art III. In addition to these constitutionally-based limitations on the jurisdiction of the federal courts, the United States Supreme Court has also articulated several judicially-created (i.e., prudential) limitations on the jurisdiction of the federal courts. *See, e.g., Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). One such restriction is the limitation on resolving matters which are not ripe for adjudication.

The ripeness doctrine is designed to prevent the federal courts from resolving abstract

disputes or premature legal questions. *See Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (citing *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).  Ripeness is implicated "when a case is anchored in future events that may not occur as anticipated, or at all." *Kentucky Press Assoc., Inc. v. Commonwealth of Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (citation omitted).  When assessing whether a matter is ripe for review, the Court must weigh the following factors: (1) the likelihood that the harm alleged by the plaintiff will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings.  *Kentucky Press Assoc.,*, 454 F.3d at 509 (citation omitted).

An analysis of Plaintiff's First Amendment/RLUIPA claims reveals that they are ripe for adjudication.  Prison officials have identified certain religious items that adherents of various faith groups are permitted to possess.  Michigan Department of Corrections, Policy Directive 05.03.150, Attachment A (effective Sept. 20, 2007).  Pursuant to this policy, Wiccans are permitted to possess one deck of tarot cards and one celtic cross or pentacle.  *Id.*  This policy further provides that prisoners wishing to possess additional religious items may request such by submitting a written request to the Correctional Facilities Administration Deputy Director.  Michigan Department of Corrections, Policy Directive 05.03.150, ¶¶ HH-NN (effective Sept. 20, 2007).  Defendant asserts that Plaintiff's claims are not ripe because there is no evidence that Plaintiff ever requested the items in question pursuant to the procedure outlined in the aforementioned policy.

In the Court's estimation, Plaintiff's claim is neither abstract nor requires the premature resolution of legal claims.  Plaintiff asserts that he is a Wiccan and desires certain items to practice his religion, which prison officials refuse to allow him to possess.  Such constitutes a concrete issue the

resolution of which does not depend on any future events. Plaintiff's alleged failure to request the subject items in the manner required by MDOC policy may be relevant to any defense of these claims, however. Nevertheless, Plaintiff's alleged failure to comply with MDOC policy does not negate the conclusion that he has presented to this Court a dispute ripe for adjudication.

**II.       Plaintiff has Failed to State a Claim Against Defendant Caruso**

To impose liability on Defendant Caruso, Plaintiff must establish that she was personally involved in the actions giving rise to his claims. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("the supervisors must have actively engaged in unconstitutional behavior. . .[because] liability must lie upon more than a mere right to control employees and cannot rely on simple negligence") (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998).

In his complaint, Plaintiff has failed to allege that Defendant Caruso engaged in any unlawful conduct. In fact, the only places in Plaintiff's complaint where Defendant Caruso is mentioned is in the caption and the section where Plaintiff identifies the Defendants against whom this action is asserted. Judging from Plaintiff's response to the present motion, it appears that Plaintiff is seeking to impose liability on Defendant Caruso based solely on her position as Director of the Michigan Department of Corrections. However, liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability. *See Bass*, 167 F.3d at 1048; *Salehpour*, 159 F.3d at 206-07. Accordingly, the Court recommends that Defendant Caruso is entitled to summary judgment as to all Plaintiff's claims.

**III.         Plaintiff's Claims Against the Unidentified Defendants**

Plaintiff initiated the present action on November 19, 2007. In his complaint, Plaintiff names as defendants, Patricia Caruso and unidentified Jane Does and John Does. While almost one year has passed since the initiation of this action, Plaintiff has failed to request an extension of time to identify or effect service on any other individuals. Plaintiff has likewise failed to request the Court's assistance in identifying or effecting service on these unidentified individuals.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence in this matter, the Court recommends that Plaintiff's claims against the unidentified individuals referenced in his complaint be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant Patricia Caruso's Motion for Dismissal and Summary Judgment</u>, (dkt. #16), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 17, 2008                                   /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge