UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN HALL,
   Plaintiff,

               No. 1:07-cv-1161

-v-
               HONORABLE PAUL L. MALONEY

PATRICIA CARUSO, ET AL.,
   Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART OVER OBJECTIONS

   This matter comes before the Court on a report and recommendation (Dkt. No. 21) issued by the magistrate judge. Plaintiff Hall, a prisoner under the control of the Michigan Department of Corrections, filed suit against Patricia Caruso, the director of the MDOC, and against several unnamed defendants associated with the "Office of Hearings and Policy" and "Prisoner Rights Section." The complaint does not indicate whether defendants are sued in their official or personal capacities. Plaintiff, a member of the Wicca faith, alleges the policies of the MDOC prevent him from practicing his religion, and that he has been subjected to abuse as a result of his religion. Defendant Caruso filed a motion (Dkt. No. 16) to dismiss or, in the alternative, for summary judgment. Plaintiff filed a response. (Dkt. No. 19). The magistrate judge issue a report recommending Defendant's motion for summary judgment be granted and the claims against the unknown defendants be dismissed without prejudice. Plaintiff filed objections. (Dkt. No. 22.)

## ANALYSIS

   After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir.

2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

    A. Defendant Caruso

First, the magistrate judge concludes Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims are ripe for adjudication. Defendant Caruso, who argued otherwise, did not file any objection and this conclusion is accepted.

Second, the magistrate judge recommends granting Defendant Caruso's motion on the basis that Plaintiff fails to state a claim against her. The magistrate judge concludes the complaint does not allege Defendant Caruso engaged in any unlawful conduct, and that any liability must be based solely on her position as director of the MDOC. In his objection, Plaintiff asserts, because Defendant Caruso is director of the MDOC, she necessarily had to approve of the MDOC policies,

including Policy Directive 05.03.150 (effective Sept. 20, 2007).[1]  This Court agrees with Plaintiff that the complaint against Defendant Caruso does not rest on a theory of respondeat superior because Plaintiff complains about the limitations on the practice of his faith contained in the supplements to the policy directive.  Even with this conclusion, Defendant Caruso is still entitled to summary judgment.

Assuming Defendant Caruso approved the policy directive at issue, the complaint does not allege, and Plaintiff has not established, a claim against Defendant Caruso. Plaintiff has neither alleged, nor established, that any of the items he cannot possess and any of the rituals he cannot perform are necessary and essential to the practice of his faith.  Defendant Caruso argues this point in Section II of her motion for summary judgment.  In his response to Defendant's motion, Plaintiff asserts, without any supporting documentation, that the items allowed are not adequate to practice the Wiccan religion.  Such an assertion, lacking any further explanation or support, is insufficient to survive Defendant's motion.  Furthermore, arguments similar to Plaintiff's have already been rejected by courts in the Western District.  *See Marsh v. Granholm*, No. 2:05-cv-134, 2007 WL 2683216 (W.D. Mich. Sept. 7, 2007) (Bell, J.) (adopting report and recommendation where the magistrate judge found a legitimate penological justification for denying the additional items requested by a member of the Wiccan faith).

Even if Plaintiff successfully alleged and established such a claim against Defendant Caruso, she would be entitled to summary judgment on the basis of immunity.  In Section V of her motion for summary judgment, Defendant Caruso argues she is entitled to immunity in her official

---

[1] At the bottom of Policy Directive 05.03.150 (effective Sept. 20, 2007), is the following: "approved: PLC 09/20/2007."  This Court infers "PLC" stands for Defendant Patricia L. Caruso.

capacity under the Eleventh Amendment, absent a showing of a continuing violation which may be remedied through injunctive relief.[2] She further argues she is entitled to qualified immunity in her personal capacity. Plaintiff's response to the motion does not address any of the legal authority cited, nor any of the arguments advanced, by Defendant Caruso on her claims for immunity.

B. Unnamed Defendants

The magistrate judge recommends dismissing, without prejudice, the remaining unnamed defendants as none have been served with a copy of the complaint. In his response, Plaintiff asserts he was unaware he could ask the court to help him identify and effectuate service on the unidentified individuals. Plaintiff then asks for the Court to help him identify the individuals in charge of the Prison Rights Department and the Department of Hearings and Policy.

The magistrate judge astutely summarizes both the facts and the relevant law. The report and recommendation is adopted as the Court's opinion on the issue of the unnamed defendants. Plaintiff's lack of familiarity with the law and the Rules of Civil Procedure does not establish "good cause" for his failure to identify and serve the unnamed defendants. *See* FED. R. CIV. P. 4(m). The marshal's attempted to serve the unnamed defendants, so the problem is not a failure to attempt service. *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996). The problem is that Plaintiff does not know the names of the individuals who should be served. Plaintiff's inability to identify the unnamed defendants as well as Plaintiff's lack of diligence in the matter warrants dismissal of those defendants without prejudice. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding litigants are nor afforded special considerations for failure to adhere to easily comprehended court

---

[2]The Sixth Circuit, in *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009), issued after Defendant filed her motion, held the Eleventh Amendment bars a claim for monetary relief under the RLUIPA.

4

deadlines).

### C. Other Matters

Plaintiff includes a number of requests in the various documents submitted to the Court. For example, in his response to Defendant Caruso's motion, Plaintiff requests a full and complete psychological evaluation. In his objection to the R&R, Plaintiff requests the Court sequester all of his grievances and major tickets from the eleven facilities where he has been housed. Plaintiff also filed a motion (Dkt. No. 24) for an extension of time to file a supplemental suit and for release of his mental health records. Because all defendants have been dismissed, Plaintiff's motions and requests, to the extent they are properly before the Court, are DISMISSED AS MOOT.

## CONCLUSION

Defendant Caruso is entitled to summary judgment. Plaintiff has neither alleged nor established that what he has been denied is essential or necessary to the practice of his faith. Even if he were to set forth facts supporting such a claim, on the basis of the arguments advanced, Defendant Caruso would be entitled to immunity. Because more than 120 days have lapsed since the suit was filed, and Plaintiff has not yet identified the other defendants in order for them to be served, the unnamed defendants are dismissed without prejudice. The remainder of Plaintiff's requests and motions are moot.

ORDER

**IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 21) is **ADOPTED IN PART OVER OBJECTIONS.**

**2.** Defendant Caruso's motion (Dkt. No. 16) for summary judgment is **GRANTED.** Defendant Caruso is **DISMISSED WITH PREJUDICE.**

3. The unnamed Defendants, who have not been served, are **DISMISSED WITHOUT PREJUDICE.**

4. Plaintiff's motion (Dkt. No. 24) for extension of time to file a supplemental suit is **DISMISSED AS MOOT.**

Date: September 9, 2009 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge